UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HILL, | No. C 09-5847 SI (pr) |
| Petitioner, | **ORDER DENYING HABEAS PETITION** |
| v. | |
| JAMES TILTON, | |
| Respondent. | |

Andrew Hill, an inmate at the High Desert State Prison in Susanville, filed this pro se action seeking a writ of habeas corpus under 28 U.S.C. § 2254. He claims in his petition that (a) his sentence is unconstitutional because the facts supporting his upper term sentence were not found by a jury to be proven beyond a reasonable doubt or admitted by him, see Apprendi, infra, and (b) counsel's failure to object on this ground amounted to ineffective assistance of counsel. The sentence was imposed on December 11, 2001 in the Napa County Superior Court after he pled no contest and was convicted of one count of mayhem and three counts of assault with a deadly weapon with numerous sentence enhancements. For the reasons discussed below, the petition will be DENIED because the Apprendi line of cases does not apply retroactively and counsel's advice about the plea did not render the plea involuntary or unintelligent.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue

1 an order directing the respondent to show cause why the writ should not be granted, unless it
2 appears from the application that the applicant or person detained is not entitled thereto." 28
3 U.S.C. § 2243. This is that rare case where it can be determined from the petition and
4 attachments thereto that the petitioner is not entitled to relief.

A. *Apprendi* Claim

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury. U.S. Const. amend. VI. This right to a jury trial has been made applicable to state criminal proceedings via the Fourteenth Amendment's Due Process Clause. Duncan v. Louisiana, 391 U.S. 145, 149-50 (1968). The Supreme Court's Sixth Amendment jurisprudence was significantly expanded by Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, which extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations as well as the actual elements of the crime. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 488-90 (2000). The "statutory maximum" for Apprendi purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. Blakely v. Washington, 542 U.S. 296, 303-04 (2004). The Court reaffirmed this basic principle when it determined that the federal sentencing guidelines violated the Sixth Amendment because they imposed mandatory sentencing ranges based on factual findings made by the sentencing court. See United States v. Booker, 543 U.S. 220, 233-38 (2005). The sentencing guidelines were unconstitutional because they required the court to impose an enhanced sentence based on factual determinations not made by the jury beyond a reasonable doubt. Id. at 243-245.

In Cunningham v. California, 549 U.S. 270 (2007), the Court held that California's determinate sentencing law ("DSL") violated the Sixth Amendment because it allowed the

2

sentencing court to impose an elevated sentence based on aggravating facts that it found to exist by a preponderance of the evidence. Id. at 288-89. The sentencing court was directed under the DSL to start with a "middle term" and then move to an "upper term" only if it found aggravating factual circumstances beyond the elements of the charged offense. Id. at 277. Concluding that the middle term was the relevant statutory maximum, and noting that aggravating facts were found by a judge and not the jury, the Supreme Court held that the California sentencing law violated the rule set out in Apprendi. Id. at 288-89, 293. Although the DSL gave judges broad discretion to identify aggravating factors, this discretion did not make the upper term the statutory maximum because the jury verdict alone did not authorize the sentence and judges did not have the discretion to choose the upper term unless it was justified by additional facts.

In Teague v. Lane, the Supreme Court held that a federal court may not grant habeas corpus relief to a prisoner based on a constitutional rule of criminal procedure announced after his conviction and sentence became final unless the rule fits within one of two narrow exceptions. Teague v. Lane, 489 U.S. 288, 310-316 (1989). Here, the date on which the conviction and sentence became final was February 9, 2002, 60 days after the imposition of sentence because that is the expiration of the period allowed for seeking direct review, and Hill did not appeal. See former Cal. Rules of Court 30, 30.1.

Neither Blakely nor Cunningham was decided before Hill's conviction became final. The Supreme Court has not made Blakely retroactive to cases on collateral review of convictions that became final before Blakely was decided. Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005). In Schardt, the petitioner's conviction became final on December 22, 2000, after Apprendi was decided on June 26, 2000, but before Blakely was announced on June 24, 2004. Id. at 1034. The Ninth Circuit found that although petitioner's sentence violated the Sixth Amendment's right to a jury under Blakely, habeas relief was not available because the Blakely decision announced a "new rule" that does not apply retroactively to cases on collateral review. Id. (citing Teague v. Lane, 489 U.S. 288, 301 (1989)). Similarly, Hill's conviction became final in 2002, two years before Blakely was decided. Thus, as in Schardt, Hill is not entitled to relief on this claim because the rule in Blakely does not apply retroactively to this case. Cunningham,

3

1 which was essentially a California-specific application of Blakely, also has not been made
2 retroactive to cases on collateral review before Blakely was decided. Cf. Butler v. Curry, 528
3 F.3d 624, 633-35, 639 (9th Cir. 2008) (application of Cunningham to petitioner whose
4 conviction became final after Blakely was not barred by Teague); In re. Coniglio, 128 Cal. App.
5 4th 511, 516 (Cal. Ct. App. 2005) (state court decision holding that Blakely rule does not apply
6 retroactively to state conviction already final)  The fact that Apprendi was decided two years
7 before Hill's conviction became final does not aid him because his claim must rely on Blakely,
8 and that was not decided until after his conviction became final.

9 Here, the conviction in question became final before Blakely and Cunningham were
10 decided. Teague prevents the retroactive application of those cases to Hill's habeas petition. The
11 Apprendi claim is DENIED.

### B. Ineffective Assistance of Counsel Claim

The only challenges left open in federal habeas corpus after a guilty or no-contest plea are to the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett v. Henderson, 411 U.S. 258, 267 (1973). A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. Id.

Hill's claim that counsel provided ineffective assistance of counsel in not objecting to the sentence as being unconstitutional or in failing to advise him of the Apprendi rule falls with his Apprendi claim. Counsel's alleged failure to inform him of the Apprendi rule did not stray outside the range of competence demanded of attorneys in criminal cases.[1] At the time, Apprendi had not been determined to apply to state sentencing schemes such as California's

---

[1] If the failure-to-object claim was analyzed under Strickland v. Washington, 466 U.S. 668 (1984), it would be rejected because an objection would have been futile under the law as it existed then. See Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996) (failure to take futile action is not deficient performance).  The Apprendi rule had not yet been determined to apply to state sentencing schemes such as California's sentencing triad.

sentencing triad and the sentence was consistent with the state of the law as it existed in 2001 when Hill entered his plea. Furthermore, Hill makes no credible assertion that not knowing of the Apprendi made his unintelligent. As noted, the case wasn't understood to apply to California's sentencing scheme. Also, his exhibits show that his plea agreement was a very good deal for Hill in light of the potential punishment he faced if convicted on all charges. Hill entered his no-contest plea for a tactical reason. See Petition, Ex. E at plea form (response to question 3 states, "this is a People vs. West no contest plea entered into for tactical reasons.") Hill had been charged with three attempted murders and was alleged to have personally inflicted great bodily injury on the three victims -- the potential punishment for which was life imprisonment plus 25 or 32 years to life imprisonment. Id. at juvenile wardship petition. His plea form set a principal term of 28 years with an agreement that he would not be prosecuted for any homicide. Id. at plea form, schedule A. The challenges to the plea and counsel's advice in connection with it are rejected.

Having determined that neither of petitioner's claims has any merit, the court finds it unnecessary to determine whether the petition, which was filed more than eight years after the conviction became final, also is barred by the habeas statute of limitations. The petition for writ of habeas corpus is DENIED.

A certificate of appealability will not issue. See 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall close the file.

IT IS SO ORDERED.

DATED: July 29, 2010

SUSAN ILLSTON
United States District Judge

5